THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOKAI CARBON CB, LTD. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO.   3:25-cv-1265-x |
| § | |
| GUIDEONE NATIONAL INSURANCE § | |
| COMPANY, LIBERTY SURPLUS § | |
| INSURANCE COMPANY, GENERAL § | |
| SECURITY INDEMNITY COMPANY § | |
| OF ARIZONA, ACE AMERICAN § | |
| INSURANCE COMPANY, TOKIO § | |
| MARINE AMERICA INSURANCE § | |
| COMPANY, HDI GLOBAL SPECIALTY § | |
| SE, NATIONAL UNION FIRE § | |
| INSURANCE COMPANY OF § | |
| PITTSBURGH, PA. § | |
| § | |
| *Defendants.* § | |

## PROTECTIVE ORDER

The Court has considered the parties Joint Motion for a Protective Order (Doc. 46) and **GRANTS** the motion subject to its additional instructions regarding filing under seal.

**Proceedings and Information Governed.**

1.   This Order is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things

produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2.  For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.  Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party

as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

### "CONFIDENTIAL INFORMATION"

4.  Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

### "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION"

5.  A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, which portions of the transcript, identified by page and line, are to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the

court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Failure to Designate.

6.  The failure to designate or withhold any information as confidential or privileged either during discovery in this case or during the adjustment process will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation, including when information provided during the adjustment is re-produced as confidential information during discovery.

### Challenge to Designations.

7.  A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to

reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

### Disclosure and Use of Confidential Information.

8. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

9. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) witnesses at deposition or trial; and (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

10. Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party: (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (e) witnesses at deposition or trial; and (f) those individuals designated in paragraph 10(c).

11. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

13. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

14. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

15. If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the court, the submission must be filed only under seal pursuant to the Court's applicable Local Rules or electronic filing procedures. If the submission is filed in hard copy, it must be submitted in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
**[caption]**
**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective**
**Order governing the use of confidential discovery material.**

**No Prejudice.**

16. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## Conclusion of Litigation.

17. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## Other Proceedings.

18. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party=s information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies.

19. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

20. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

### Filing Under Seal.

The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[1] The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain.

---

1 *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

But filing that material with the Court under seal is a different matter altogether. Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[2]

A party seeking to file a specific document under seal[3] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[4] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[5]  Further, all facts recited in any such

---

[2] "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up).  "The rationale for public access is even greater" in cases that "involve matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520 (cleaned up); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[3] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public.  We will abide no such absurdity." (cleaned up)).

[4] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[5] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing.").  The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).  Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business

motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[6]

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

### Fed. R. Evid. 502(d) Order.

21. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

---

is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

[6] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

Signed: On the 5th day of November, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

Exhibit A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOKAI CARBON CB, LTD. | § § § § § § § § § § § § § § § § § | |
|    *Plaintiff,* | | |
| v. | | CIVIL ACTION NO.   3:25-cv-01265-X |
| GUIDEONE NATIONAL INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ACE AMERICAN INSURANCE COMPANY, TOKIO MARINE AMERICA INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | | |
|    *Defendants.* | | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT, <u>CONSULTANT OR EMPLOYEES OF ANY PARTY</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information", or "Confidential Attorney Eyes Only Information", as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

CONFIDENTIALITY AGREEMENT - PAGE  1

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

CONFIDENTIALITY AGREEMENT - PAGE 2

_____   Signed

_____
Printed Name

_____
Date

CONFIDENTIALITY AGREEMENT - PAGE 3

Exhibit B

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOKAI CARBON CB, LTD. | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.   3:25-cv-01265-X |
| GUIDEONE NATIONAL INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, ACE AMERICAN INSURANCE COMPANY, TOKIO MARINE AMERICA INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | § § § § § § § § § § § § | |
| *Defendants.* | | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date

CONFIDENTIALITY AGREEMENT - PAGE 2